UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONICA KURGAN and MADELINE DIAZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CHIRO ONE WELLNESS CENTERS LLC<br><br>Defendant. | Case No. _____<br><br>Honorable _____ |

**CLASS ACTION COMPLAINT**

Plaintiffs Monica Kurgan and Madeline Diaz (collectively Plaintiffs), on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys and for their Complaint against Chiro One Wellness Centers LLC (Chiro One or Defendant) state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. Chiro One failed to pay Plaintiffs overtime for hours they worked in excess of forty hours in a workweek in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law (IMWL). Plaintiffs, and the employees they represent, are current or former employees of Chiro One who worked as Chiropractic Technicians and/or Chiropractic Assistants within the past three years. Chiro One paid these employees a set amount per week worked, with no overtime pay regardless of the number of hours they worked. By failing to pay overtime when required, Chiro One violated federal and state overtime laws.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## THE PARTIES

3. Kurgan resides in the Northern District of Illinois. Within the last three years, she worked for Chiro One within this judicial district.

4. Diaz resides in and is domiciled in the Northern District of Illinois. Within the last three years, she worked for Chiro One within this judicial district.

5. Chiro One is a limited liability company that operates in this judicial district.

6. At all times relevant hereto, Plaintiffs were "employees" of Chiro One as defined by the FLSA, 29 U.S.C. §203(d). Plaintiffs were also "employees" of Chiro One as defined by the IMWL, 820 ILCS 105/3(d).

7. At all times, Chiro One was Plaintiffs' "employer" as defined in FLSA, 29 U.S.C §203(d). Chiro One was also Plaintiffs' "employer" as defined in the IMWL, 820 ILCS 105/3(c). Chiro One operates in the state of Illinois and elsewhere, and is an "enterprise" as defendant by the FLSA, 29 U.S.C. §209(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1). Chiro One's employees are engaged in interstate commerce and its annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes.

## BACKGROUND FACTS

8. Chiro One operates a chain of "wellness centers." These centers provide, among other things, chiropractic services. Chiro One's employees regularly handled goods or materials, including office supplies, chiropractic equipment, and other products that were produced for and/or moved in interstate commerce.

9. Plaintiffs worked as Chiropractic Technicians and/or Chiropractic Assistants. Chiropractic Technicians and Chiropractic Assistants are responsible for handling the day-to-day paperwork and customer service functions (such as greeting customers, scheduling appointments, etc.) at Chiro One. For the purposes of applying federal and state wage and hour laws, there is no functional difference between Chiropractic Technicians and Chiropractic Assistants.

10. Chiropractic Technicians and Chiropractic Assistants regularly work more than 40 hours in a workweek. Despite being aware of the requirements of state and federal overtime law, Chiro One does not pay these employees overtime.

11. Chiro One pays Chiropractic Technicians and Chiropractic Assistants an alleged "salary." The salary does not meet the legal requirements for a salary under state and federal wage and hour laws.

## COUNT I
### Violation of the Illinois Minimum Wage Law – Overtime
### (Class Action)

12. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiffs and the class of employees they represent all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the worked in excess of 40 hours in individual workweeks, Plaintiffs and the class were entitled to be paid one and one half times their regular rates of pay. Plaintiffs and the class are

current and former Chiropractic Technicians and/or Chiropractic Assistants of the Defendant who are due, and who have not been paid, overtime wages under the maximum hour provisions of the Illinois Minimum Wage Law 820 ILCS 105/4a.

13. Plaintiffs will seek to certify Count I, violation of the overtime provisions of the IMWL, as a class action and ask the Court to determine the rights of the class pursuant to those statutes, and any other damages due, and to direct Chiro One to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiffs and the class that they represent.

14. Count I is brought is properly certified as a class action because the class members similarly situated to Plaintiffs are so numerous that joinder of all members is impracticable. Plaintiffs therefore bring this action on their own behalves as aggrieved employees, and in their representative capacity, against Chiro One. The individually named Plaintiffs and similarly-situated persons are equally affected by the maximum hour payment violations of Chiro One. Relief is sought for the benefit of the individual Plaintiffs and the class(es) that Plaintiffs represent.

15. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations that may exist between members of the classes, if any. The individual Plaintiffs and the classes of similarly-situated persons on one hand, and Chiro One on the other, have a commonality of interest in subject matter and remedy sought, namely back ages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

16. The individual Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the classes. They have retained counsel with significant experience in wage and hour litigation.

17. If individual actions were required to be brought by each of the similarly-situated persons injured affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Chiro One. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

18. The books and records of Chiro One are material to Plaintiffs' action as they disclose some of the hours worked by each employee and the rate of pay for that work.

19. Chiro One violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs and members of the class consistent with the maximum hour provisions.

20. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for judgment against Chiro One as follows:

A. judgment in the amount of all back wages due as provided by the IMWL;

B. prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs of this action as provided by the IMWL;

D. an injunction precluding Chiro One from violating the IMWL; and

E. such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Fair Labor Standards Act – Overtime Wage
### (Individual Actions)

21. Plaintiffs hereby reallege and incorporate the preceding paragraphs.

22. Count II arises from Chiro One's failure to pay overtime wages to Plaintiffs in willful violation of the FLSA.

23. Chiro One paid Plaintiffs a maximum "salary" for all the hours worked in a week, including those in excess of forty in a workweek.

24. Plaintiffs were directed by Chiro One to work, and did work, in excess of 40 hours per week.

25. Chiro One's failure to pay Plaintiffs overtime wages at a rate of one and one half times their regular rates for all time worked in excess of 40 hours in individual workweeks violated the maximum hour provision of the FLSA.

26. Chiro One's failure to pay Plaintiff overtime was a willful violation the Act.

WHEREFORE, Plaintiffs pray for judgment against Chiro One as follows:

A. judgment in the amount of the owed overtime wages for all time worked by Plaintiffs;

B. liquidated damages in an amount equal to the amount of unpaid overtime wages;

C. reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all counts.

Dated: **March 25, 2010**

        Respectfully submitted,

        **/s/ Richard J. (Rex) Burch**

        One of the Attorneys for Plaintiff

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
1415 Louisiana Street, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

Douglas M. Werman
**Werman Law Offices, PC**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008