# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| MONICA KURGAN and MADELINE DIAZ, on behalf of themselves and others similarly situated, | ) ) ) ) | Case No. 10-C-1899 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Honorable Robert M. Dow, Jr. |
| CHIRO ONE WELLNESS CENTERS LLC, | ) ) | Magistrate Judge Arlander Keys |
| Defendant. | ) | |

---

## CHIRO ONE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR COLLECTIVE & CLASS CERTIFICATION

---

Respectfully submitted,

Eugene E. Murphy, Jr.
John N. Hourihane, Jr.
John H. Scheid, Jr.
**MURPHY & HOURIHANE, L.L.C.**
161 N. Clark Street, Suite 2550
Chicago, Illinois 60601
Telephone: (312) 202-3200

# **TABLE OF CONTENTS**

I.     INTRODUCTION ..............................................................................................1

II.    THE COURT CANNOT CERTIFY PLAINTIFFS' FSLA CLAIMS ..............2

     A.  Discovery is Close and Thus the Conditional Certification
         Standard for the FLSA Claim is Not Applicable .........................................2

     B.  Plaintiffs Fail to Meet the Standard for
         FLSA Certification.......................................................................................4

III.   THE COURT CANNOT CERTIFY PLAINTIFFS'
      IMWL CLASS ACTION CLAIM ...................................................................6

     A.  The Numerosity Requirement is Not Met....................................................6

     B.  *Wal-Mart* Mandates Against a Class Certification .....................................7

     C.  The Adequacy Requirement is Not Met .......................................................9

IV.   PLAINTIFFS FAIL TO MEET THE REQUIREMENT
      FOR RULE 23(B)(3) ......................................................................................10

     A.  The Predominance Requirement is Not Met...............................................10

     B.  Espenscheid Mandates Against Class Certification...................................12

     C.  Plaintiffs' Application of Espenscheid is Misplaced .................................13

     D.  Comcast Mandates Against Class Certification.........................................15

V.    CERTIFICATION OF A LIABILITY ONLY CLASS ACTION
      UNDER RULE 23(C)(4) WOULD EVISCERATE THE PREDOMINANCE
      REQUIREMENT..............................................................................................16

VI.   THE MOOTNESS DOCTRINE REQUIRES
      THAT CLASS CERTIFICATION BE DENIED ...........................................19

VII.  CONCLUSION...............................................................................................22

i

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Cagle's, Inc.,*
488 F.3d 945 (11th Cir. 2007) .................................................................................. 5

*Barragan v. Evanger's Dog and Cat Food Co., Inc.,*
259 F.R.D. 330 (N.D. Ill. 2009).............................................................................. 11

*Betancourt v. Maxim Healthcare Servs., Inc.,*
2011 WL 1548964 (N.D. Ill. Apr. 21, 2011) ............................................................ 3

*Boelk v. AT & T Teleholdings, Inc.,*
2013 WL 261265 (W.D. Wis. Jan. 10, 2013) ........................................................... 4

*Brown v. Club Assist Road Service U.S., Inc.*,
2013 WL 5304100 (N.D. Ill. Sept. 19, 2013) .................................................. passim

*Bunyan v. Spectrum Brands, Inc.*,
2008 WL 2959932, *2 (S.D. Ill. July 31, 2008). ............................................. passim

*Butler v. Sears, Roebuck & Co.,*
2013 WL 4478200 (7th Cir. Aug. 22, 2013)............................................................ 17

*Castano v. Am. Tobacco Co.,*
84 F.3d 734, 745 n.21 (5th Cir. 1996) ................................................................... 18

*CE Design Ltd. V. King Architectural Metals, Inc.,*
637 F.3d 721, 726 (7th Cir. 2011) ......................................................................... 10

*Comcast Corp. v. Behrend,*
133 S. Ct. 1426 (2013).................................................................................... passim

*Damasco v. Clearwire Corp.*,
662 F.3d 891 (7th Cir. 2011) ................................................................... 19, 20, 22

*Driver v. AppleIllinois, LLC,*
265 F.R.D. 293, 300 (N.D. Ill. 2010)....................................................................... 7

*Espenscheid v. DirectSat USA, LLC,*

705 F.3d 770 (7th Cir. 2013) ........................................................................ passim

*Espenscheid v. DirectSat USA, LLC,*
No. 09–cv–625, 2011 WL 2009967 *7 (W.D. Wis. May 23, 2011).................................. passim

*Flores v. Lifeway Foods, Inc.,*
289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003). ....................................................... 2, 2

*Franks v. MKM Oil, Inc.,*
2012 WL 3903782, *6 (N.D. Ill. Sept. 7, 2012) ....................................................... 17

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.,*
522 F.3d 6, 28 (1st Cir. 2008)............................................................................. 18

*Gambo v. Lucent Technologies, Inc.,*
2005 WL 3542485 (N.D. Ill. Dec. 22, 2005).............................................................. 3

*Gates v. City of Chicago,*
623 F.3d 389, 413 (7th Cir. 2010) ....................................................................... 20

*Genesis Healthcare Corp. v. Symczyk,*
133 S. Ct. 1523 (2013)...................................................................................... 18

*Greisz v. Household Bank,*
176 F.3d 1012 (7th Cir. 1999) ............................................................................ 21

*Hall v. Beals,*
396 U.S. 45, 49 (1969)...................................................................................... 10

*Harris v. Fee Transportation Services, Inc.,*
2006 WL 1994586, *2 (N.D. Tex. May 15, 2006) ....................................................... 4

*Hawkins v. Alorica, Inc.,*
287 F.R.D. 431, 439 (S.D. Ind. 2012)..................................................................... 5

*Holstein v. City of Chicago,*
29 F.3d 1145, 1147 (7th Cir. 1994) ...................................................................... 20

*Johnson v. Meriter Health Services Employee Retirement Plan,*
702 F.3d 364, 372 (7th Cir. 2012) ....................................................................... 14

*Jonites v. Exelon Corp.,*
  522 F.3d 721, 725-726 (7th Cir. 2008) ................................................................. 6

*King v. West Corp.,*
  2006 WL 118577, *13 (D. Neb. Jan. 13, 2006) ....................................................... 6

*Long v. Thornton Township High Sch. Dist.*
  *205*, 82 F.R.D. 186, 189 (N.D. Ill. 1979) ............................................................... 8

*Marcial v. Coronet Ins. Co.,*
  880 F. 2d 954, 957 (7th Cir. 1989) ......................................................................... 8

*Messner v. Northshore University Health System*,
  669 F.3d 802, 811 (7th Cir. 2012) ................................................................... 7, 11

*Pachego v. Boar's Head Provisions, Inc.,*
  671 F. Supp. 2d 957, 959 (W.D. Mich. 2009) ........................................................ 6

*Scott v. NOW Courier, Inc.,*
   2012 WL 1072751, *7 (S.D. Ind. Mar. 29, 2012) ................................................. 4

*Scott v. Westlake Services, LLC,*
  2013 WL 2468253 (June 6, 2013) ......................................................................... 19

*Smallwood v. Illinois Bell Tel. Co.,*
  710 F. Supp. 2d 746 (N.D. Ill. 2010) ..................................................................... 3

*Smith v. ERJ Dining, LLC*,
  2013 WL 1286674 (N.D. Ill. March 28, 2013) .................................................. 3, 19

*Smith v. Family Video Movie Club, Inc.,*
  2013 WL 1628176 (N.D. Ill. April 15, 2013) .................................................. 12, 17

*Smith v. T-Mobile USA, Inc.,*
  2007 WL 2385131 (C.D. Cal. Aug. 15, 2007) ........................................................ 4

*Strait v. Belcan Eng'g Grp., Inc.,*
  911 F. Supp. 2d 709, 734 (N.D. Ill. 2012) ........................................................... 18

iv

*Wal-Mart v. Dukes*,
  131 S. Ct. 2541, 2548 (2011) .............................................................................. passim

*Zavala v. Wal-Mart Stores, Inc.*,
  CIV.A. 03-5309 (GEB), 2010 WL 2652510 (D.N.J. June 25, 2010). ....................................... 5

**Statutes**

29 U.S.C.A. § 216(b) ................................................................................................. 6
29 U.S.C.A. § 255(a) ................................................................................................. 10

**Rules**

Rule 23(a) ................................................................................................................ 11
Rule 23(a)(1) ........................................................................................................... 8
Rule 23(a)(2) ........................................................................................................... 8, 9
Rule 23(a)(4) ........................................................................................................... 10
Rule 23(b) ............................................................................................................... 11
Rule 23(b)(3) ........................................................................................................... passim
Rule 23(c)(4) ........................................................................................................... passim

I.    **INTRODUCTION.**

The law for overtime cases in the Seventh Circuit has changed.  Beginning with the United States Supreme Court's class treatment in *Wal-Mart v. Dukes*, sharpened in the Seventh Circuit decision in *Espenscheid*, and continued by the Supreme Court in *Comcast*, no longer can class counsel obtain the ultimate relief where damages across the proposed class are individualized.   Because the damages for the plaintiffs across the proposed class are individualized, Plaintiffs' motion seeking both class and collective status must be denied.

Monica Kurgan and Madeline Diaz worked for Chiro One Wellness Centers LLC as Chiropractic Technicians. (Kurgan Dec. ¶3; Diaz Dep. at 31).  Kurgan worked for the company for approximately 9 months, and Diaz worked for approximately 8 months. (Kurgan Dec. ¶3; Diaz Dec. ¶3).  When they began their employment, the company trained Kurgan and Diaz for six to eight weeks.  (Wang Dep. at 25; Kurgan Dec. ¶4; Diaz Dec. ¶4).  The company paid them hourly during the training and paid them a salary thereafter. (Diaz Dec. ¶¶6-7; Kurgan Dec. ¶¶6-7).  After training, both Kurgan and Diaz were assigned to the Huntley facility.  (Kurgan Dec. ¶4; Diaz Dec. ¶4; Kurgan Dep. at 11; Diaz Dep. at 55).

Chiro One incorporated in 2006 and serves as the holding company for certain matters. Its headquarters are in Oak Brook, Illinois.  (Wang Dep. at 18).  Chiro One provides chiropractic care and wellness services to its patients.  (Wang Dep. at 12). Chiro One conducts business in Illinois, Kentucky, and Texas.  (Pls.' Ex. 1).  The company has employees at 57 facilities in Illinois.  (Pls.' Ex. 2).  These facilities take patients both on an appointment basis and on a walk-in basis.  (Kurgan Dep. at 74).  Each facility controls its own hours of operation.  (Kurgan Dep. at 84; Effort Dep. at 59).  Generally, facilities are open four days a week, and have a morning shift and an afternoon shift.  (Kurgan Dep. at 27).

1

For purposes of this motion it is important to note that each location is distinct both legally and operationally. Legally, each location is a separate LLC or SC. Chiro One itself does not have an ownership interest in any location. (Wang Dep. at 13-14). Operationally, the hours of operation for each location is governed by the on-site physician, so the hours vary depending upon the location. (Kurgan Dep. at 84; Effort Dep. at 59). This independence is important here. Although Chiro One was the entity that paid wages to Kurgan and Diaz, they worked for the Chiro One Wellness Center of Huntley LLC (a separate legal entity in which Chiro One has no legal interest); and it was the on-site physician at the Huntley location who directed the work flow and scheduling. (Diaz Dep. 73). Thus, if no more patients were scheduled on a given day, then the afternoon shift would end and the location would close. The decision of whether a location would close was not made by Chiro One, but by the on-site physician for each facility. (Kurgan Dep. at 84; Effort Dep. at 59).

## II.    THE COURT CANNOT CERTIFY PLAINTIFFS' FLSA CLAIMS

### A.   DISCOVERY IS CLOSED THUS THE CONDITIONAL CERTIFICATION STANDARD FOR THE FLSA CLAIM IS NOT APPROPRIATE .

Plaintiffs request that the court conditionally certify their FLSA claim. Plaintiffs argue that courts in this circuit typically proceed under a two-step process pertaining to FLSA certification. The first step is referred to as conditional certification and sets a low bar for the plaintiff to clear. *Brown v. Club Assist Road Service U.S., Inc.*, 2013 WL 5304100 (N.D. Ill. Sept. 19, 2013) (Dow, J.). This first step is normally applied before any discovery is taken. *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003). Due to the lack of evidence before discovery, plaintiffs need only make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* Conditional certification is only a preliminary step in the process.

*Smith v. ERJ Dining, LLC*, 2013 WL 1286674, *1 (N.D. Ill. March 28, 2013) (Dow, J.). If the plaintiff clears this bar, the court may authorize the plaintiff to send out an opt-in notice to a defined class, after which the plaintiff and defendant engage in discovery. *Bunyan v. Spectrum Brands, Inc.*, 2008 WL 2959932, *2 (S.D. Ill. July 31, 2008). The second step concerns final certification (or decertification), follows the close of discovery, and addresses whether there is sufficient similarity among the plaintiffs who opted-in to allow for a trial on a collective basis. *Id*. at *2-3.

The two-step process is not appropriate here, and the conditional certification standard should not be used because the discovery in this case is already closed. The court closed discovery in May 2012. (Doc. #93.) Conditional certification provides for a low threshold because it is based on the assumption that little or no discovery has taken place. *Bunyan*, 2008 WL 2959932 at *2. Most of the cases relied upon by Plaintiffs involve the situation where only minimal discovery took place. Plaintiffs rely on *Betancourt v. Maxim Healthcare Servs., Inc.,* 2011 WL 1548964 (N.D. Ill. Apr. 21, 2011), but the court in *Betancourt* conditionally certified the class early in the case before any meaningful discovery had been conducted. The other cases cited by Plaintiffs similarly involved situations where only minimal discovery had taken place. *See Smallwood v. Illinois Bell Tel. Co.,* 710 F. Supp. 2d 746 (N.D. Ill. 2010) (conditional certification granted less than a year after the case was filed and after minor discovery was conducted); *Gambo v. Lucent Technologies, Inc.,* 2005 WL 3542485 (N.D. Ill. Dec. 22, 2005) (conditional certification granted after minor discovery) (the court also noted, "under the second step, the Court determines, after discovery closes, whether and in what form a FLSA collective overtime action should proceed to trial.").

The Court should employ a stricter standard in this case because the parties have engaged in significant discovery. Where significant discovery has been completed, district courts often skip the conditional certification and make only a final ruling on certification. *Bunyan*, 2008 WL 2959932, at \*2; *see also, Smith v. T-Mobile USA, Inc*., 2007 WL 2385131, at \*4 (C.D. Cal. Aug. 15, 2007) (ruling that the more stringent standard should apply because discovery on certification issue completed). When the conditional certification follows significant discovery, the court "can collapse the two stages of the analysis and deny certification outright." *Scott v. NOW Courier, Inc.,* 2012 WL 1072751, \*7 (S.D. Ind. Mar. 29, 2012) (applying an intermediate level of scrutiny after substantial discovery had been taken but not yet completed); *Boelk v. AT & T Teleholdings, Inc.,* 2013 WL 261265, \*14 (W.D. Wis. Jan. 10, 2013) (accord). Significant discovery has already been completed in this case. The parties already exchanged documents, deposed numerous witnesses, and completed the discovery process in full. Thus, this Court should employ a heightened standard in assessing the Plaintiffs' request for certification.

For example, in *Harris v. Fee Transportation Services, Inc*., 2006 WL 1994586 (N.D. Tex. May 15, 2006), the court bypassed the conditional standard and applied the more stringent standard after the court had given the parties seven months to conduct discovery on the certification issue. The district court explained, "At the initial stage, a court ordinarily possess "minimal evidence" and is thus instructed to apply a lenient standard in determining whether to conditionally certify . . . But where the parties have had the opportunity to conduct discovery on the issue of certification, the "similarly situated" inquiry is more stringent." *Id.* at \*3.

The Northern District similarly has acknowledged that the heightened standard is appropriate when extensive discovery has been completed. Last week, this court addressed the heightened standard in *Brown*. 2013 WL 5304100 at \*12. In *Brown*, this court granted

conditional certification, but the court did so because the *Brown* plaintiffs were at the beginning stages of the discovery process. *Id*. Critically for purposes here, the court recognized that after extensive discovery or "when discovery is closed, the case moves to the second step." *Id*. Because discovery in this case has been closed since May 2012, the heighted standard should be applied.

The opportunity for Kurgan and Diaz to have benefitted from the conditional standard is gone. Discovery has concluded and placed the case in the second stage of this analysis. Therefore, the court should apply the more stringent standard for certification.

### B. PLAINTIFFS FAIL TO MEET THE STANDARD FOR FLSA CERTIFICATION.

Plaintiffs fail to meet the requirements for certification in the second stage. The burden is on the plaintiff to show that each potential claimant is "similarly situated" to the plaintiff with respect to both their job requirements and damages. *Bunyan*, 2008 WL 2959932 at *8. In the second stage analysis, the court typically considers three factors before allowing certification: "(1) whether plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff; and (3) fairness and procedural concerns." *Hawkins v. Alorica, Inc.,* 287 F.R.D. 431, 439 (S.D. Ind. 2012).

Plaintiffs fail to show that others in their proposed class are similarly situated. A plaintiff must do more than simply show similarities in job duties and salary to establish that the plaintiffs are similarly situated: "the similarities necessary to maintain a collective action under §216(b) must extend beyond the mere facts of job duties and pay provisions." *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 950 (11th Cir. 2007); *see Zavala v. Wal-Mart Stores, Inc.,* CIV.A. 03-5309 (GEB), 2010 WL 2652510, *3 (D.N.J. June 25, 2010). Where the claims at issue are "hopelessly

heterogeneous," use of the collective action mechanism in §216(b) is "egregious." *Jonites v. Exelon Corp.,* 522 F.3d 721, 725-726 (7th Cir. 2008); *see also Pachego v. Boar's Head Provisions, Inc.,* 671 F. Supp. 2d 957, 959 (W.D. Mich. 2009) (reasoning that certification is not proper where parties would be required to introduce individualized proof as to both liability and damages).

Plaintiffs fail to show that other chiropractic technicians in the proposed class shared anything beyond the mere facts of job duties and pay rate. To the contrary, the evidence shows that there was a vast difference among the proposed class as to how much and even whether there was overtime at all. Again, chiropractic technicians did not have a common supervisor. (Wang Dep. at 19.) Rather, each chiropractic technician reported to the director at the facility where he or she worked. (Wang Dep. at 19.) The hours of chiropractic technicians also varied at each location. (Kurgan Dep. at 84; Effort Dep. at 59.) Kurgan testified at her deposition that the hours depended on the appointment times of patients. (Kurgan Dep. at 90). Diaz similarly testified that her hours varied, and would depend on the requests of her supervisor. (Diaz Dep. at 74-75.)

Based on deposition testimony and related evidence, Plaintiffs cannot show that others in the potential class were similarly situated to them, especially on the central issue of overtime. *See generally, King v. West Corp*., 2006 WL 118577, *13 (D. Neb. Jan. 13, 2006) (potential class member not "similarly situated" even if they had the same job title and the same job description, because their day-to-day job duties varied). The claims at issue are hopelessly heterogeneous. Consequently, Plaintiffs cannot bring their FLSA lawsuit as a collective action. As a result, notice as requested by Plaintiffs should not be issued to chiropractic assistants or chiropractic technicians under the FLSA.

### III.    THE COURT CANNOT CERTIFY PLAINTIFFS' IMWL CLASS ACTION CLAIM.

Class certification is governed by Federal Rule of Civil Procedure 23.  *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2548 (2011).  Establishing a class under Rule 23 is not a simple task, and litigating under a class action is the exception rather than the rule.  *Wal-Mart*, 131 S. Ct. at 2550.  As the Supreme Court stated in *Wal-Mart v. Dukes*, Rule 23 "certification is proper only if the trial court is satisfied, after rigorous analysis," that the requirements for class certification "have been satisfied."  *Id.* at 2551.  To be certified as a class action, a proposed class must satisfy the four requirements of Federal Rule of Civil Procedure 23(a), as well as one of the three alternatives in Rule 23(b).  *Messner v. Northshore University Health System*, 669 F.3d 802, 811 (7th Cir. 2012).

With regard to Federal Rules of Civil Procedure 23(a), the party seeking certification must establish four requirements: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  *Wal-Mart*, 131 S. Ct. at 2548.  Here, Plaintiffs fail to establish that class certification is proper because they do not meet all the requirements.

### A.    THE NUMEROSITY REQUIREMENT IS NOT MET.

Pursuant to Rule 23(a)(1), a plaintiff seeking class certification must demonstrate that the proposed class is so numerous that joinder of all members would be impracticable.  *Driver v. AppleIllinois, LLC,* 265 F.R.D. 293, 300 (N.D. Ill. 2010); Fed. R. Civ. P. R. 23(a)(1).  Although the plaintiff does not need to demonstrate the exact number of class members, a conclusion must be apparent from a good-faith estimate.  *Id.* at 300.  Here, Kurgan and Diaz cannot establish one

class member of chiropractic assistants, nor can they provide an estimate for the number of chiropractic assistants, damaged by the alleged conduct. Further, Kurgan and Diaz fail to show that the number of chiropractic technicians who allegedly worked overtime is so numerous that joinder is impractical. Kurgan and Diaz have therefore failed to meet the numerosity requirement.

Rule 23(a)(1) places the burden on the plaintiff to show some evidence or reasonable estimate for the number of class members. *Long v. Thornton Township High Sch. Dist. 205*, 82 F.R.D. 186, 189 (N.D. Ill. 1979). The plaintiff may not rely upon conclusory allegations or mere speculation. *Marcial v. Coronet Ins. Co.,* 880 F. 2d 954, 957 (7th Cir. 1989). Here, Kurgan and Diaz fail to establish one chiropractic assistant who failed to receive compensation for hours worked of overtime. Further, Plaintiffs fail to demonstrate that the number of chiropractic technicians who allegedly worked overtime is so numerous that joinder is impractical, as the technicians who allegedly worked overtime are limited to a few facilities based upon the record submitted in support of the motion. Kurgan and Diaz, therefore, fail to meet the numerosity element necessary for class certification.

## B. *WAL-MART* MILITATES AGAINST A CLASS CERTIFICATION.

In 2011, the Supreme Court issued its opinion in *Wal-Mart vs. Dukes*. In *Wal-Mart,* the Court reset the standard that must be satisfied under Rule 23(a)(2) to show commonality among potential class members. *Wal-Mart*, 131 S. Ct. at 2551. The Court stated that it was not sufficient simply to recite common questions that may exist. *Id*. Instead, "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Id*. (internal quotations and citation omitted). This requirement is not satisfied by claiming that employees of the same company were all victims of a violation of the same statute. *Id*. The

plaintiff must show that the claims of the class members depend upon a "common contention" that is "of such a nature that is capable of classwide resolution – which means that the termination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*.

The Court went on to explain that there is a wide gap between a claim that an individual's rights have been violated as a result of a company policy and "the existence of a class of persons who have suffered the same injury such that the individual's claim and the class claim will share common questions of law or fact." *Id*. at 2553 (internal quotations and citation omitted). In the context of an unlawful discrimination claim, the Court stated that in the absence of the existence of a biased testing procedure, "bridging the gap requires significant proof" that the defendant "operated under a general policy of discrimination." *Id*. at 2554. The Court noted that "demonstrating the invalidity of one manager's use of discretion will do nothing to demonstrate the invalidity of another's." *Id.* at 2549.

To bridge the gap, the plaintiffs relied on statistical evidence and anecdotal reports from 120 putative class members as proof of a companywide policy of discrimination. *Id*. The Supreme Court found such evidence "insufficient" to satisfy Rule 23(a)(2), explaining that because the plaintiffs "provide no convincing proof of a companywide discriminatory pay and promotion policy, we have concluded that they have not established the existence of any common question." *Id.*

The evidence in this case shows that hours worked varied both by location and by employee. Kurgan and Diaz provide only a handful of declarations to support their position that all worked overtime. This is insufficient, especially when compared to the 120 reports used in *Wal-Mart*. Plaintiffs' declarations fail to establish that Chiro One, and every location, operates

under a general policy of requiring, suffering, or permitting its employees to work overtime. Without more, Plaintiffs have not shown commonality.

### C.   THE ADEQUACY REQUIREMENT IS NOT MET.

Rule 23(a)(4) requires that the proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Each potential class representative maintaining a class action must be a member of the class which he or she seeks to represent. *Hall v. Beals*, 396 U.S. 45, 49 (1969).

Defendants take issue with the proposed class representatives' ability to adequately represent the proposed class members. "The presence of even an arguable defense particular to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representations. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer." *CE Design Ltd. V. King Architectural Metals, Inc.,* 637 F.3d 721, 726 (7th Cir. 2011).

Monica Kurgan and Madeline Diaz worked for Chiro One as Chiropractic Technicians. The proposed class definition, however, includes "all chiropractic assistants and chiropractic technicians." Because neither Kurgan nor Diaz worked as chiropractic assistants, they cannot adequately represent chiropractic assistants as a class. Plaintiffs include a declaration by Diaz that she worked as a chiropractic assistant. (Diaz Dec. ¶3.) Her deposition, however, contradicts her declaration. Diaz testified that she was hired as a chiropractic technician. (Diaz Dep. at 31.) Her deposition testimony controls and, consequently, she cannot adequately represent a class of chiropractic assistants.

Next, neither Kurgan nor Diaz ever worked outside of Illinois, and they have provided no evidence that chiropractic technicians in Texas or Kentucky locations shared similar experiences. (Diaz Dec. at ¶3; Kurgan Dec. at ¶3). Finally, Plaintiffs request a class notice that improperly reaches back three years. Plaintiffs recognize that the statute of limitations normally is two years, 29 U.S.C. § 255(a), but request three years as a willful violation. Plaintiffs provide no evidence to establish that Chiro One acted willfully.

The party seeking certification bears the burden of establishing that certification is proper. *Barragan v. Evanger's Dog and Cat Food Co., Inc.,* 259 F.R.D. 330, 332 (N.D. Ill. 2009). Here, Plaintiffs fail to establish three of the necessary elements to certify a class: numerosity, commonality, and adequacy of representation. Plaintiffs therefore fail to satisfy their burden. Accordingly, Plaintiffs' motion to certify their state claim should be denied.

## IV.    PLAINTIFFS FAIL TO MEET THE REQUIREMENTS FOR RULE 23(B)(3).

In addition to satisfying the threshold Rule 23(a) requirements, Plaintiffs must show that the proposed class satisfies one of the three requirements set forth in Rule 23(b). *Wal-Mart*, 131 S. Ct. at 2548. Here, Plaintiffs seek certification pursuant to 23(b)(3). To certify a class pursuant to Rule 23(b)(3), proponents must show: (1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy. *Messner v. Northshore University Health System*, 669 F.3d 802, 811 (7th Cir. 2012).

### A.    THE PREDOMINANCE REQUIREMENT IS NOT MET.

Plaintiffs cannot satisfy the predominance requirement because the damages among the proposed class can only be resolved on an individual basis. Again, to satisfy this requirement,

common answers to common questions must not only exist, but must predominate any necessary individualized inquiries. *Smith v. Family Video Movie Club, Inc.,* 2013 WL 1628176, *10 (N.D. Ill. April 15, 2013). The recent case law in this circuit as set forth in *Espenscheid,* as well as the Supreme Court decisions in *Wal-Mart* and *Comcast,* make clear that an individualized damages analysis defeats class certification. Here, the evidence shows that the alleged overtime damages will vary as some claim to have worked more overtime than others, and some employees may not have worked overtime at all. The following cases, which are listed chronologically, denied class status where damages are individualized.

| Date Published | Case Name | Cite | Jurist | Quote / Treatment |
|---|---|---|---|---|
| 02/04/13 | Espenscheid vs. Direct Sat | 705 F.3d 770 | Posner | "Essentially they asked the district judge to embark on a shapeless, freewheeling trial that would combine liability and damages and would be virtually evidence-free so far as damages were concerned." |
| 03/22/13 | Farmer vs. Direct Sat | 2013 WL 1195651 | Lee | Judge Lee excluded expert. Thereafter, Judge Lee decertified class. Class action trial stricken. Plaintiffs filed appeal, and will proceed to a trial on individuals only. |
| 03/27/13 | Comcast vs. Behrend | S. Ct. | Scalia | Denying class in anti-trust case: "Without presenting another methodology, respondents cannot show Rule 23(b)(3) predominance: Questions of individual damages calculations will inevitably overwhelm questions common to the class." |
| 03/28/13 | Howard vs. Securitas | 2013 WL 1337150 | Feinerman | Judge barred plaintiff expert from extrapolating the damages suffered by 44 plaintiffs to the whole class. |
| 04/15/13 | Smith vs. Family Video | 2013 WL 1628176 | Lee | Denies motion for certification. On Rule 23(b)(3): "To satisfy this requirement, common answers to common questions must not only exist, but must *predominate* any necessary individualized inquiries." |
| 07/15/13 | Viveros vs. VPP Group | 2013 WL 3733388 | Crabb (Wis.) | Decertifying class due to individual circumstances. "Both of these factual developments suggest that the court will have to consider the individual circumstances of each class member before determining whether that class member is entitled to overtime payments, which means that liability could not be determined on a class wide basis." |

### B. *ESPENSCHEID* MILITATES AGAINST CLASS CERTIFICATION.

The Seventh Circuit decision *Espenscheid v. DirectSat USA, LLC* demonstrates that class certification is improper in this matter. Where variance exists in regard to alleged damages to the individual members in a proposed class, class certification is not proper. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770 (7th Cir. 2013).

In *Espenscheid*, the Seventh Circuit considered whether to uphold a decertification order issued by the United States District Court for the Western District of Wisconsin. *Id.* at 770. The Seventh Circuit reviewed the district court's decertification of an action under Rule 23 based upon alleged violations of Wisconsin, Minnesota, and Pennsylvania wage and overtime laws. *Id.* at 770. The plaintiffs in *Espenscheid* brought suit on behalf of 2,341 installation technicians formerly employed by the defendants. *Id.* at 772. To guide the district court in its analysis on the certification issue, the court separated the technicians into three subclasses based on the type of alleged violation. *Id.* at 772. The district court conditionally certified the subclasses, but later decertified them, leaving the case to proceed as an individual lawsuit by three named plaintiffs. *Id.* at 772.

In decertifying the class, the district court noted that, as the case developed, substantial variations among the class members became prevalent. *Espenscheid v. DirectSat USA, LLC*, No. 09–cv–625, 2011 WL 2009967 *7 (W.D. Wis. May 23, 2011). The evidence showed that class members had different work experiences and were affected by the defendants' policies in different ways. *Id.* *7. The district court stated, "[n]ot all technicians performed all of [the alleged] tasks, nor did they perform them everyday or for a consistent period of time…." *Id.* *2.

The Seventh Circuit upheld the district court's decertification. *Espenscheid*, 705 F.3d at 776. In upholding the decision, the Circuit Court focused on the variances in damages to the

class members. *Id.* at 773-775. The Circuit Court noted that to determine damages would require 2,341 separate evidentiary hearings. *Id.* at 773. This, according to the Seventh Circuit, militates against class action. *Id.* at 773. The Circuit Court stated, "when it appear[s] that the calculation of monetary relief will be mechanical, formulaic, a task not for a trier of fact but for a computer program, so that there is no need for notice ..., the district court can award that relief without terminating the class action and leaving the class members to their own devices." *Id.* at 773 (*quoting Johnson v. Meriter Health Services Employee Retirement Plan*, 702 F.3d 364, 372 (7th Cir. 2012)). This, the Circuit Court noted, was not possible with the proposed classes. *Id.* at 773.

As in *Espenscheid*, a variance in damages exists across the class members here. In *Espenscheid*, "some, maybe many, of the technicians may not work more than 40 hours a week and may even work fewer hours; others may work more than 40 hours a week." *Id.* at 773. Similarly, the amount of hours that each chiropractic technician worked per week here varied depending upon the patients at each location. (Kurgan Dep. at 84; Effort Dep. at 59.) To determine *damages* here would require testimony from each member of Plaintiffs' proposed class. This directly contradicts the mechanical, formulaic calculation of monetary relief *Espenscheid* mandates is necessary for a class action.

The members of Plaintiffs' proposed class suffered individualized and varied damages. As indicated in *Espenscheid*, where a variance in damages across a proposed class exists, class certification is not appropriate. Accordingly, class certification is not warranted here.

### C. PLAINTIFFS' APPLICATION OF *ESPENSCHEID* IS MISPLACED.

Plaintiffs mischaracterize the holding in *Espenscheid*. Plaintiffs argue that the case merely rejects unrepresentative testimony, and that the case has no bearing on a district court's

initial decision to grant conditional or class certification. (Doc. #146.) Both of these conclusions are incorrect. *Espenscheid* stands for the proposition that where variance exists in regard to alleged damages to the individual members in a proposed class, class certification is not proper. *Espenscheid*, 705 F.3d at 770.

Plaintiffs contend that Espenscheid merely "rejects unrepresentative testimony in class actions: nothing more." (Doc. #146.) This contention is incorrect. Plaintiffs mischaracterize the Circuit Court's discussion of unrepresentative testimony. Contrary to Plaintiffs' assertion, the Circuit Court discussed the unrepresentative testimony to illustrate the plaintiffs' inability to overcome the "variance" standard set forth in the case. *Espenscheid*, 705 F.3d at 774. The Circuit Court commented on the variance in damages between the members of the proposed classes due to the amount worked by each technician. *Id.* at 773. The Circuit Court gave the plaintiffs' counsel an opportunity to address this issue. *Id.* at 774. In response, the plaintiffs' counsel proposed presenting testimony from forty-two members of the proposed classes. *Id.* at 774. The Circuit Court explained, however, that this proposal would not satisfy the plaintiffs' obligation to demonstrate that the chosen members suffered damages that were demonstrative of the remaining members of the class. *Id.* at 774. Such a demonstration could only be made through 2,341 separate hearings. *Id.* at 775. This, according to the Circuit Court, went against the mechanical and formulaic computation of damages required under a class action. *Id.* at 773.

Plaintiffs also mistakenly assert that the decision in *Espenscheid* has no bearing on whether to grant class certification because the trial court granted conditional certification. The district court, however, granted conditional certification prior to obtaining much needed evidence regarding the class members. As the district court stated, "As the case has developed, I have become more convinced that it cannot proceed as one class." *Espenscheid*, 2011 WL 2009967

*5.  The court further noted that "the evidence in this case reveals substantial variations among the opt-in plaintiffs and class members."  *Id.* *7.  The district court, therefore, made its initial determination to certify the class prior to the completion of extensive discovery.  Upon being presented with sufficient evidence, the district court appropriately decertified the class.  Similarly, here, the Court has the benefit of extensive discovery (depositions, sworn statements, etc.) that demonstrates the variations in damages across the proposed class.

Plaintiffs, therefore, mischaracterize the *Espenscheid* decision.  *Espenscheid* does not merely reject unrepresentative testimony.  *Espenscheid* demonstrates that a variance in alleged damages to the individual members of a proposed class mandates against class certification.  A variance exists here, and therefore class certification is not proper.

### D.    *COMCAST* MILITATES AGAINST CLASS CERTIFICATION.

*Comcast Corp. v. Behrend* demonstrates that Plaintiffs fail to meet the exceedingly high hurdle of Rule 23(b)(3).  Rule 23(b)(3) requires a court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members." *Comcast*, 133 S. Ct. at 1436.  Plaintiffs fail to satisfy this hurdle.

In *Comcast*, the Supreme Court was presented with whether the lower court's certification of an antitrust class of nearly two million Comcast customers under Rule 23(b)(3). *Id.* at 1429-30.  The customers seeking class certification relied on four theories of liability presented to the district court.  *Id.* at 1430.  The Supreme Court held that the certification was not appropriate.  *Id.* at 1435.  The Court reasoned that under the proper standard for evaluating certification, the plaintiffs' model failed to establish that damages were capable of measurement on a classwide basis.  *Id.* at 1433.  The parties seeking class certification, therefore, could not

meet the Rule 23(b)(3) predominance requirement on the grounds that questions of individual damage calculations overwhelmed questions common to the class. *Id.* at 1433.

Here, as in *Comcast*, individual issues related to the damages that Plaintiffs allege are overwhelmed by questions common to the proposed class. While Kurgan and Diaz claim that Chiro One failed to pay overtime to its workers, Plaintiffs do not demonstrate a common policy whereby other workers at other locations worked overtime. The hours worked by each technician varied by individual and, more importantly, by location. Thus, the court would have to conduct an analysis of each individual employee to determine whether the employee worked overtime in the first instance, then how much overtime was worked, and finally make individual calculations for those who worked overtime to determine the proper amount of overtime pay. *See Franks v. MKM Oil, Inc.*, 2012 WL 3903782, *6 (N.D. Ill. Sept. 7, 2012). Damages must be susceptible to measurement across the entire class, and individual damage calculations cannot overwhelm questions common to the class. *Smith*, 2013 WL 1628176 *10. This is not possible here.

**V.    CERTIFICATION OF A LIABILITY ONLY CLASS ACTION UNDER RULE 23(C)(4) WOULD EVISCERATE THE PREDOMINANCE REQUIREMENT.**

The Supreme Court held in *Comcast* that a class cannot be certified unless plaintiffs "establish that damages are capable of measurement on a classwide basis." *Comcast*, 133 S. Ct. at 1433 (2013). Plaintiffs do not have a method to do this. Instead, they try to evade *Comcast* by seeking partial certification for the IMWL claim under Rule 23(c)(4). Plaintiffs rely on the statement in a breach-of-warranty case that, "a class action limited to determining liability on a class-wide basis, with separate hearings to determine [damages] … will often be the sensible way to proceed." *Butler v. Sears, Roebuck & Co.,* 11-8029, 2013 WL 4478200, *4 (7th Cir. Aug. 22, 2013). That principle is not applicable to this overtime case. But, even if applicable, it

does not help Plaintiffs. Establishing the fact of damages for each class member is something that Plaintiffs must do at the liability phase. *In re New Motor Vehicles Canadian Exp. Antitrust Litig.,* 522 F.3d 6, 28 (1st Cir. 2008). Plaintiffs propose no method for doing this on a class wide basis. Furthermore, "the proper interpretation of the interaction between subdivision (b)(3) and (c)(4) is that a cause of action, as a whole, must satisfy the predominance requirement of (b)(3)," and that reading Rule 23(c)(4) to permit the Court to "sever" individualized issues and only assess predominance based on what remains "would eviscerate the predominance requirement." *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 745 n.21 (5th Cir. 1996).

Damages are an essential element of Plaintiffs' claims. *See Strait v. Belcan Eng'g Grp., Inc.,* 911 F. Supp. 2d 709, 734 (N.D. Ill. 2012). A person who has no damages cannot prevail on the liability questions that Plaintiffs propose. Thus, the class cannot be certified without a common method for identifying (at the very least) which employees have damages and which do not.

### VI.  THE MOOTNESS DOCTRINE REQUIRES THAT CLASS CERTIFICATION BE DENIED.

Plaintiffs' motion for class certification should be denied for an entirely separate basis as well: mootness. The claims made by Kurgan and Diaz became moot after Chiro One made a Rule 68 Offer of Judgment to them. Chiro One made a Rule 68 Offer to each Plaintiff and before Kurgan and Diaz re-filed their current motion for certification. Wallace and Effort accepted the offers, but Kurgan and Diaz refused. Because the law does not allow a plaintiff to continue a lawsuit after full compensation has been offered, the claims made by Kurgan and Diaz were mooted. *See, Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) (finding that a case is no longer justiciable when the lone plaintiff's individual claim becomes moot).

Kurgan and Diaz filed their initial complaint against Chiro One in March 2010 and alleged claims based on the Fair Labor Standards Act and the Illinois Minimum Wage Law. (Doc. 1.) Two other plaintiffs, Richard Wallace and Marchelle Effort, also filed claims against Chiro One. The court later consolidated the two actions. After consolidation, the parties engaged in discovery, exchanged documents, and completed all depositions. The court closed discovery in May 2012. (Doc. 93.) Plaintiffs filed their first motion for class and collection action in June 2012. (Doc. 98.) The parties briefed that motion. The parties engaged in settlement efforts thereafter. (*See, e.g.*, Doc. 107, 118.) On February 15, 2013, Plaintiffs filed a motion to reassert the June 2012 motion for class certification. (Doc. 121.) Four days thereafter, the court entered an order that withdrew the June 2012 motion and granted Plaintiffs leave to re-file it. (Doc. 122.) Chiro One made a Rule 68 Offer to each Plaintiff, and Effort and Wallace accepted their offers. Kurgan and Diaz re-filed the current motion for collective and class certification on August 26, 2013. (Doc. 146.) On August 29, 2013, the court entered an order striking Plaintiffs' certification motion filed as Document 121. (Dec. 149.)

The mootness doctrine derives from Article III of the Constitution, which limits federal court jurisdiction to live cases. *Damasco v. Clearwire Corp.,* 662 F.3d 891, 894 (7ᵗʰ Cir. 2011). The doctrine demands that the parties to a federal case maintain a personal stake in the outcome at all stages of the litigation. *Id.* at 895; *see also Smith v. ERJ Dining, LLC*, 2013 WL 1286674, *1 (N.D. Ill. March 28, 2013) (Dow, J.) (finding no case or controversy where plaintiff had abdicated her role in the case). Once the defendant offers to satisfy the plaintiff's demand, there is no dispute over which to litigate. *Scott v. Westlake Services, LLC*, 2013 WL 2468253, *10 (June 6, 2013). A plaintiff who refuses to acknowledge the offer of relief loses outright because he has no remaining stake. *Id.* The plaintiff's lack of personal stake strips the court of

jurisdiction over his claim. *Damasco*, 662 F.3d at 895; *Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010) (holding a case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

The mootness doctrine was demonstrated in *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). In *Holstein*, the plaintiff filed a class action suit against the City of Chicago for unconstitutionally towing his car. *Id.* at 1147. The City offered the plaintiff full reimbursement, and the plaintiff declined. *Id.* The court held that the case was moot because the plaintiff's claim was resolved before he moved for class certification. *Id.*

The Seventh Circuit most recently addressed the mootness issue in a class action setting in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). In *Damasco,* the court analyzed whether a defendant could moot, or pick-off, a plaintiff's claim before the plaintiff had an opportunity to file a class certification motion. *Id.* at 895. The court decided that a defendant can moot a plaintiff's claim where the plaintiff's motion for class certification was not pending. *Id.* at 896. To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III. *Damasco,* 662 F.3d at 896.

The Seventh Circuit then proposed a simple solution that could act as a safe harbor for potential class plaintiffs. *Id.* at 896. The court stated that potential class plaintiffs could file a class certification motion at the same time they file their complaint:

> [There is a] simple solution to the buy-off problem that Damasco identifies ... available, and it does not require us to forge a new rule that runs afoul of Article III: Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs.

*Id.* at 896.  Thus, a pending motion for class certification will protect a potential class plaintiff.

Here, Chiro One made Rule 68 Offers to both Kurgan and Diaz, which they refused. Their claims are moot.  Kurgan and Diaz in response have argued that their claims are still viable because their June 2011 motion for class certification was always pending.  But the motion was not pending because the court's February 2013 order stated that the motion was withdrawn. (Doc. 122.)  Kurgan and Diaz could have refiled their motion for class certification after the court's February 2013 order to ensure that their certification request was still pending, but they did not.  Accordingly, with no motion pending, the Rule 68 Offer mooted the claims by Kurgan and Diaz, and they can no longer persist in this matter.  *See Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir 1999) ("You cannot persist in suing after you've won.").  The Court should deny Plaintiffs' certification motion because their claims are moot.

**VII.   CONCLUSION.**

In this case, because the Parties have engaged in significant discovery the Court should apply the more stringent second stage certification standard for the FLSA claim.  Plaintiffs cannot meet the more stringent second-step to certify a collective action because Plaintiffs' factual and employment settings vary, giving rise to disparate claims and theories of liability.  As for the IMWL class action claim, Plaintiffs fail to establish three of the four elements necessary to certify a claim on behalf of a class under Rule 23(a).  Plaintiffs also fail to show commonality of damages under Rule 23(b)(3).  Plaintiffs fail to show that the amount of chiropractic technicians or chiropractic assistants is so numerous that joinder of all is impracticable. Plaintiffs cannot show commonality of damages or injury to show that class action is appropriate.  Plaintiffs also do not demonstrate that they adequately represent a class of chiropractic assistants or chiropractic technicians. Furthermore, Plaintiffs cannot show that there

is commonality of damages under the more heightened standard of 23(b)(3). Accordingly, certifying the IMWL claim and conditionally certifying the FLSA claim is inappropriate. Finally, Plaintiffs' claim have been mooted by the Rule 68 offers of judgment tendered by Defendants.

WHEREFORE, Defendant Chiro One Wellness Centers LLC, respectfully requests that this Court enter an order denying Plaintiffs' renewed motion for class certification of their IMWL claim and for their FLSA collective action claim, and granting such other and further relief as this Court deems just and necessary.

Dated: September 26, 2013      Respectfully submitted,
CHIRO ONE WELLNESS CENTERS LLC,


By:   /s/    Eugene E. Murphy, Jr.
        One of Its Attorneys

Eugene E. Murphy, Jr.
John N. Hourihane, Jr.
John H. Scheid, Jr.
MURPHY & HOURIHANE, L.L.C.
161 N. Clark Street, Suite 2550
Chicago, Illinois 60601
Ph: 312-202-3200

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the aforementioned document in the notice of motion were filed and served on September 26, 2013, in accordance with the ECF Rules in compliance with Fed. Rule Civ. P. 5(b)(2)(D):


/s/    Eugene E. Murphy, Jr.