IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MONICA KURGAN and MADELINE DIAZ, on behalf of themselves and others similarly situated, Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | Case No. 10-cv-1899 |
| CHIRO ONE WELLNESS CENTERS LLC, Defendant. | ) ) ) | Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Chiro One's motion to stay pursuant to Rule 23(f) [179]. For the reasons stated below, the Court denies Defendant's motion [179]. The Court will endeavor to issue an order with an approved class notice by the end of next week to coincide with Defendant's production of the class list as previously ordered. This case is set for further status on 5/27/2014 at 9:00 a.m.

**I.   Background**

Plaintiffs Monica Kurgan and Madeline Diaz allege that Defendant Chiro One Wellness Centers, LLC ("Chiro One") willfully failed to pay them and other hourly workers the overtime wages to which they were entitled under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq. They seek to proceed on their own behalf and on behalf of all others similarly situated, both as class representatives and lead plaintiffs in a collective action. See *Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 981 (7th Cir. 2011).

On March 25, 2010, Plaintiffs filed their Original Complaint against Chiro One, bringing claims under the IMWL. Prior to Chiro One filing an answer, Plaintiffs amended their complaint to add claims under the FLSA. On October 7, 2010, Chiro One filed its Answer and did not

1

plead any affirmative defenses. On September 15, 2011, Plaintiffs filed a second amended complaint. Chiro One again answered and did not plead any affirmative defenses. On May 23, 2012, Chiro One stated on the record it would not raise any affirmative defense not already raised, and this Court entered an Order barring Chiro One from doing so.

Plaintiffs sought conditional certification of their FLSA claim and requested that notice be sent to "All Chiropractic Assistants and Chiropractic Technicians employed by Chiro One during the period April 21, 2007 to December 17, 2012." Plaintiffs also sought to certify their IMWL overtime claims as a class action pursuant to Rule 23(b)(3) or, in the alternative, Rule 23(c)(4). On February 19, 2014, the Court granted conditional certification of Plaintiffs' FLSA's claims and certified Plaintiffs' IMWL claims for class treatment under Rule 23. On March 5, 2014, Defendant filed a petition with the Seventh Circuit Court of Appeals for leave to challenge the order pursuant to Rule 23(f). Defendant requests that the Court stay this case pending the Seventh Circuit's ruling.

## II.  Analysis

Class certification rulings are interlocutory, and generally not immediately appealable. While Federal Rule of Civil Procedure 23(f) authorizes a party to request permission to appeal a class certification ruling, leave to appeal under Rule 23(f) is still "an exception" to the final judgment rule. See Fed. R. Civ. P. 23(f) ("An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders."); *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007). Permission to appeal is granted "sparingly lest interlocutory review increase the time and expense required for litigation." *Asher*, 505 F.3d at 741. And even where permission to appeal is granted, stays pending appeal are "infrequent." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) ("Filing a request for permission to appeal does not stop the litigation unless the district court or the court of appeals issues a stay—and a

stay would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting.").

In assessing whether a stay pending appeal is warranted, district courts look at whether the party seeking the stay has demonstrated (1) a significant probability of success on the merits; (2) that it will face irreparable harm absent a stay; and (3) that a stay will not injure the opposing party and will be in the public interest. See *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).

To obtain a stay pending appeal, Chiro One first must demonstrate that it has a significant likelihood of success on its appeal. Chiro One's appeal of the grant of class certification relies on: (1) an interpretation of *Espenscheid v. DirectSat USA*, *LLC*, 705 F.3d 770 (7th Cir. 2013), which suggests that individualized damages always preclude class certification, even in a case— such as this one—in which liability can be established as a common issue; (2) its continued insistence that a motion for class certification was not pending at the time it made Rule 68 offers to Plaintiffs; and (3) the notion that proceeding before the Department of Labor is the proper method of resolving claims such as those asserted in this case.

Working backwards, the Court notes that it read Defendants' third argument with surprise because the Court did not recollect that the Department of Labor was ever even mentioned by Defendant in its opposition to Plaintiffs' amended motion for collective and class certification, let alone offered as the most "efficient[]" avenue to resolve this dispute. Examination of the briefs confirmed the Court's initial impression that this was a new argument. Defendants thus either unintentionally held back what they now claim to be a meritorious argument or sandbagged both Plaintiffs and the Court in their prior briefs. Either way, Defendant's reliance

3

on a ground that was never offered in the district court as a basis for denying collective and class certification is likely to be a non-starter in the court of appeals.

Second, the Court specifically addressed Chiro One's argument that there was no motion for class certification pending at the time it made its Rule 68 offer, noting that it was disingenuous and ignored direct communication from the Court regarding its practice when the parties do not brief class certification motions in a timely manner. As the Court previously explained, in almost every case of this nature in the Seventh Circuit, counsel for Plaintiffs file a motion for class certification in the early stages of the case to comply with the Seventh Circuit's decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). In many instances, the motions are withdrawn shortly after the initial status hearing because defendants are willing to enter into a stipulation that they will not attempt to "pick off" the named plaintiff in an early settlement. No such stipulation was entered into in this case. When stipulations are not reached, parties generally are willing to periodically refile the motion until they are ready to set a briefing schedule. Only after the motion is refiled does the Court strike the prior motion (to ensure scrupulous adherence to *Damasco*) and the cycle repeats as necessary until the class issues are ripe for briefing. This procedure avoids premature (and sometimes unnecessary) work for the parties and the Court on the class issues, which often evolve during class discovery and sometimes disappear altogether if the parties reach an early settlement. That is the procedure that was followed in this case. At all times between June 22, 2012 and the Court's ruling on Plaintiff's amended motion for collective and class certification, a motion for class certification has been pending. Accordingly, Defendant's second ground for appeal likewise strikes the Court as a non-starter.

Finally, in rejecting Chiro One's argument that some variance in damages precludes a finding of "predominance" as required for class certification, the Court relied on the Seventh

4

Circuit's post-*Espenschied* decision in *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796 (7th Cir. 2013). In *Butler*, the Seventh Circuit re-affirmed the law in this Circuit (and every other circuit) that individualized damages do not necessarily preclude class certification under Rule 23(b)(3). See *Butler*, 727 F.3d at 801. Chiro One's alternative interpretation of *Espenschied* does not persuade the Court that Chiro One has a significant chance of success on the merits.

Turning to the "harm" prong, this case has been pending for four years. The overtime claims at issue extend back to 1997. There certainly is a public interest—expressed by the FLSA—in the prompt payment of minimum wages and overtime, and Chiro One has offered very little, if any, resistance to the merits of Plaintiffs' claims. 29 U.S.C. § 206 & 207; *Brooks v. Village of Ridgefield Park*, 185 F.3d 130, 135 (3rd Cir. 1999) (the FLSA mandates prompt payment of wages). Instead, Chiro One focuses on the potential liability to which this Court's certification ruling has exposed it and the cost of litigating the matter pending appeal. Chiro One cites to *Blair v. Equifax Check Servs., Inc.*, to argue that litigating this matter pending appeal "is a cost far in excess of the costs of waiting for the appeal during a stay." [179 at 3.] This may be a truism as it relates to litigation expenses in the district court, but it does not follow from the logic or actual holding of *Blair*. In any lawsuit, litigation costs are lower (at least in the short term) if nothing is being done.[1] But if that were the standard for a stay pending appeal, then stays would be the general rule, rather than the "infrequent" exception. In reality, *Blair* states that "a stay would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting[.]" *Blair*, 181 F.3d at 835. In other words, the proper inquiry involves a

---

[1] Of course, even if nothing is being done in the district court when a case is stayed pending appeal, the parties still must bear the costs of presenting the Rule 23(f) issue for the court of appeals.

comparison of the probability of success and the "costs" involved (both the cost of waiting and the cost of proceeding).

As already noted, Chiro One's probability of succeeding—with arguments that were not advanced during briefing on the motion for certification, that misapprehend the record, and that fail to take into account the most recent Seventh Circuit law on point (*Butler*)—is slim at best. Further, the "costs" to be measured go beyond the financial costs of litigating the case (such as the increased difficulty in locating class members as time goes by). Chiro One, however, provides no proof of the costs it will face by "pressing ahead in the district court." [179 at 2.] Indeed, the most immediate cost—the cost of issuing class notice—will be borne by Plaintiffs, not Chiro One.[2]

## III. Conclusion

In sum, Chiro One falls far short of demonstrating that a stay pending appeal is warranted, and the Court denies its motion to stay pursuant to Rule 23(f) [179]. The Court will endeavor to issue an order with an approved class notice by the end of next week to coincide with Defendant's production of the class list as previously ordered. This case is set for further status on 5/27/2014 at 9:00 a.m.

Dated: March 26, 2014

Robert M. Dow, Jr.
United States District Judge

---

[2] Chiro One also claims that it will suffer irreparable harm because it must submit billing records to Plaintiffs in connection with the acceptance of Rule 68 offers by Plaintiffs Marchelle Effort and Richard Wallace. But this has nothing to do with the Court's certification order. Therefore, any harm from that production (irreparable or otherwise) does not support a stay pending appeal of the Court's class certification order.