```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

MONICA KURGAN and MADELINE DIAZ,    )
on behalf of themselves and          )
others similarly situated,           )
                                     )
                    Plaintiffs,      )   No. 10 C 1899
                                     )
        v.                           )   Honorable Robert M. Dow,
                                     )   Jr.
CHIRO ONE WELLNESS CENTERS LLC,      )
                                     )
                    Defendant.       )   Magistrate Judge
_____ )   Arlander Keys
RICHARD WALLACE and MARCHELLE        )
EFFORT, on behalf of themselves      )
and others similarly situated,       )
                                     )
                    Plaintiffs,      )   No. 11 C 4723
                                     )
        v.                           )
                                     )
CHIRO ONE WELLNESS CENTERS LLC,      )
DR. STUART BERNSEN, DR. SAM WANG,    )
and JAMIE HACKET,                    )
                                     )
                    Defendants.      )

**ORDER**

For the reasons explained below, Chiro One is ordered to provide plaintiffs' counsel, Douglas Werman, with unredacted copies of its billing records. The motion to bar access to those documents [186] is denied.

**STATEMENT**

This is a class action brought under the Fair Labor Standards Act by current and former employees of Chiro One who worked as chiropractic assistants and/or chiropractic technicians within three years of the complaint being filed. In the summer of 2013, two of the plaintiffs (Richard Wallace and Marchelle Effort) accepted offers of judgment from Chiro One, and, on August 1, 2013, counsel for plaintiffs (Stephan Zouras and Douglas Werman) filed a notice to that effect with the

Court.  In that notice, counsel advised the Court that plaintiffs Wallace and Effort had accepted offers of judgment, pursuant to Rule 68; Mr. Wallace accepted "$60,417.00, plus attorneys' fees, costs and expenses as determined by the Court," and Ms. Effort accepted "$35,540.37, plus attorneys' fees, costs, and expenses as determined by the Court." *See* Notice, p. 2 [138].  Thereafter, counsel for the plaintiffs and counsel for Chiro One attempted to reach an agreement concerning the amount of fees, costs and expenses to be paid to plaintiffs Wallace and Effort.  On December 3, 2013, Chiro One filed a motion seeking instructions from the Court pursuant to Local Rule 54.3.  In its motion, Chiro One represented that counsel for Wallace and Effort had submitted redacted time and work records and that it now was required to do so as well; Chiro One claimed, however, that it was unable to submit such records because (1) the responsive materials are subject to the attorney-client privilege due to the ongoing litigation and would, if produced, "reveal litigation strategy," and (2) plaintiffs' time records show that counsel is attempting to recover fees and expenses incurred by attorneys who did not represent Wallace or Effort, as well as fees and expenses relating to class certification and to plaintiffs other than Wallace and Effort.  Defendant's Motion for Instructions Pursuant to Local Rule 54.3(g), p.2  [167].  In response to that motion, the parties received some additional instructions from the Court.  However, by February 18, 2014, the parties had abandoned their attempts to resolve the attorneys' fees dispute and elected to proceed under Local Rule 54.3.  *See* Judge Dow's Order dated 2/18/14 [174].

On March 11, 2014, Judge Dow entered an order directing the parties to "proceed with discovery under the supervision" of this Court; he also directed Chiro One to submit its proposed redactions to its billing records to this Court so that this Court could supervise the expeditious completion of the Local Rule 54.3 process.  It was anticipated that, once that process was completed, Judge Dow could then issue a final ruling on plaintiffs' counsel's fee request.  *See* Judge Dow's Order dated 3/11/14 [177].  Chiro One has now submitted its billing records – in redacted and unredacted form – for this Court's review.  Also before the Court is a related motion filed by Chiro One seeking to bar plaintiffs' counsel's access to the underlying billing documents [186].

Local Rule 54.3 requires the party seeking to recover fees and costs to provide to the other side "the time and work records on which the motion [for fees] will be based, and shall specify the hours for which compensation will and will not be

sought.  These records may be redacted to prevent disclosure of material protected by the attorney-client privilege or work product doctrine."  Local Rule 54.3(d)(1).  If the parties are unable to agree after the movant provides this information, then the respondent is required to "disclose the total amount of attorney's fees paid by respondent (and all fees billed but unpaid at the time of the disclosure and all time as yet unbilled and expected to be billed thereafter) for the litigation and shall furnish the following additional information as to any matters (rates, hours or related nontaxable expenses) that remain in dispute:  (A) the time and work records (if such records have been kept) of respondent's counsel pertaining to the litigation which records may be redacted to prevent disclosure of material protected by the attorney-client privilege or work product doctrine; (B) evidence of the hourly rates for all billers paid by respondent during the litigation; (C) evidence of the specific expenses incurred or billed in connection with the litigation and the total amount of such expenses; and (D) any evidence the respondent will use to oppose the requested hours, rates, or related nontaxable expenses."  Local Rule 54.3(d)(5).

Ostensibly in accordance with Rule 54.3, Chiro One provided plaintiff's counsel with a redacted set of billing records; the redactions – which Chiro One argues were necessary to preserve the attorney-client and work product privileges -- rendered the records largely useless for purposes of furthering the resolution of this dispute.  As directed by the Court, Chiro One provided copies of both the redacted and unredacted billing records to the Court.  After reviewing those records *in camera*, the Court directed Chiro One to submit a brief regarding the redactions. [183]  The Court expected that Chiro One's brief would explain, for each redaction, how the redacted information revealed or reflected privileged material, work product or trial strategy.  Chiro One made no attempt to address the redactions on an individual basis.  Instead, Chiro One submitted a position statement, which does not address particular redactions but makes some very generalized arguments.  Chiro One's submission makes clear that it expected the Court to perform a detailed review and analysis of the 58 pages of billing records that were redacted in their entirety and make its determination without any input from Chiro One regarding the specific redactions.

The billing records submitted by Chiro One consist of 67 pages, only nine of which contain any unredacted material; the remaining pages were completely redacted.  Seven of those nine pages mention Wallace and/or Effort by name, which is consistent

with Chiro One's position that plaintiffs are entitled to review only the billing records that relate directly and specifically to defense counsel's work in defending the claims of Wallace and Effort.  The Court notes that Chiro One's redactions cover, not just the descriptions of the tasks performed, but the dates those tasks were performed, the number of hours billed, the billing rates, and the total amounts billed per task.  In the absence of any argument by Chiro One as to why the specific information redacted is protected by a privilege, or how exactly each particular redacted entry or category would reveal trial strategy, the Court declines to blindly accept Chiro One's general arguments in this regard.

After reviewing Chiro One's redacted and unredacted billing statements, it is clear that there is nothing in the redacted material that discloses any attorney's work product, mental impressions or trial strategy.  For example, the first invoice, dated 5/28/2010, identifies time spent on the following tasks:

> Telephone conference with S. Wang regarding new matter complaint; review and analyze complaint; direct further action.
> Review new lawsuit; direct certain action regarding same.
> Prepare new file and create data spreadsheet.
> Review and analyze client data and direct further action to prepare analysis of employee and clinic hours.
> Additional analysis of data and correspondence with client regarding additional documentation requested.
> Continue entering data onto spreadsheet.
> Review appearances and direct filing of same.
> Review and analyze amended complaint.

These very general descriptions of tasks reveal nothing in the way of work product or mental impressions.  And they are representative of the material Chiro One redacted.  Another invoice, dated 7/16/2010, covers fees for the tasks described as follows:

> Status hearing with Judge Dow.
> Conference with client regarding status and strategy based on hearing with court and conference with counsel regarding same.
> Conference with plaintiffs' counsel and correspondence with client regarding additional data gathering and strategy for analysis.

>     Review additional client documents and direct further
>     action and analysis.
>     Review additional client documents and records.

Despite the fact that this information quite clearly is not covered by any privilege, Chiro One redacted all of it, along with all of the information relating to the dates the tasks were performed, the number of hours billed and the billing rates. This is precisely the information Local Rule 54.3 requires a respondent like Chiro One to disclose.

In short, the Court finds that Chiro One had no valid basis to redact the information contained in its invoices. Rather, the Court is convinced that the redactions were made consistent with Chiro One's belief that the particular lawyers seeking to be paid in connection with the Rule 68 offers of judgment are not entitled to be paid for work done by attorneys who represent plaintiffs who are still in the case and who did not accept the offer of judgment. Initially, it appears from the Notice of Acceptance of Judgment that Douglas Werman does, in fact, represent plaintiffs Wallace and Effort. But, more importantly, any argument about which attorneys represent which plaintiffs and are, therefore, entitled to payment under the acceptances of judgment, is appropriately made before Judge Dow; such an argument is not appropriate under Local Rule 54.3. The same is true of any argument concerning the relevance of invoices covering work done after the offers of judgment were accepted. In fact, the rule specifically requires the respondent to disclose "the **total amount** of attorney's fees paid (or billed but unpaid); the rule also provides that disclosing information does not waive any argument a party may have "about the relevance or effect of such information in determining an appropriate award." Rule 54.3(d)(5)(emphasis added). Chiro One's arguments in defense of redaction and nondisclosure are simply wrong.

For the reasons explained above, Chiro One is ordered to provide plaintiffs' counsel, Douglas Werman, with unredacted copies of its billing records. The motion to bar access to those documents [186] is denied.

Date: May 2, 2014                    /s/ *Arlander Keys*