# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MONICA KURGAN and MADELINE DIAZ, on behalf of themselves and others similarly situated, | ) ) ) ) | Case No. 10-CV-1899 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Honorable Robert M. Dow, Jr. |
| CHIRO ONE WELLNESS CENTERS LLC, | ) ) ) | |
| Defendant. | ) ) | |
| RICHARD WALLACE and MARCHELLE EFFORT, on behalf of themselves and others similarly situated, | ) ) ) ) ) | Case No. 11-CV-4723 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| CHIRO ONE WELLNESS CENTERS LLC, DR. STUART BERNSEN, DR. SAM WANG and JAMIE HACKET, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO PETITION FOR ATTORNEY FEES
BY WALLACE AND EFFORT**

Defendants, by and through their attorneys, Murphy & Hourihane, L.L.C., hereby submit their response in opposition to the Petition for Attorney Fees filed on August 22, 2014, by Plaintiffs Wallace and Effort. (Doc. 264.) In opposition to their Petition, Defendants state as follows.

## INTRODUCTION

Wallace and Effort, through their counsel Jim Zouras, filed their complaint in 2011 under case number 11-CV-4723 and asserted both individual and class claims. The case was later consolidated with the Kurgan and Diaz complaint. In July 2013, Defendants made Rule 68 offers to Wallace and Effort, and they accepted the offers on their individual claims through Mr. Zouras the same month. Mr. Zouras and other lawyers now seek to have paid by Defendants virtually all the fees they incurred in the case to date, including fees incurred for the claims made by Kurgan and Diaz. The Petition is excessive and should be limited.

First, as a preliminary and practical matter, Defendants note that the Wallace and Effort individual claims would have been resolved long ago but for the class allegations found in their complaint. Had Wallace and Effort brought only their individual claims, the parties would have approached the case totally differently and resolution would have occurred earlier. At a minimum, the discovery would have been limited (from discovery about all Chiro One employees to discovery only about Wallace and Effort), and the total exposure would have been limited (from a multi-million dollar alleged damages to the actual $60,000 and $35,000 resolutions). Counsel pats themselves on the back and argue that it was their class allegations that forced Defendants to settle with Wallace and Effort's individual claims. Not so. And their argument is belied by reality. No defendant spends more money in its own attorney time and costs than the total exposure at risk. Had Effort, for example, made a demand for $35,000 when

-1-

she originally filed the complaint, Chiro One would have resolved it then. Counsel for Wallace and Effort should not be rewarded for needlessly extending their case, and the excessive fees found in their Petition should not be allowed.

Second, there are too many lawyers who are trying to recover on this Petition. Only Mr. Zouras and his firm filed the Wallace and Effort complaint, and only Mr. Zouras accepted the Rule 68 Offers on behalf of Wallace and Effort. Mr. Burch and Mr. Werman and their respective firms never filed appearances for Wallace or Effort. They only appeared and represented Kurgan and Diaz. (*But see*, Court Order in Doc. 226 stating that any lawyer who filed an appearance for one plaintiff represents all plaintiffs.) The law only allows the lawyers who represent the prevailing party to recover fees. The Kurgan and Diaz lawyers can file their own fee petition if and when Kurgan and Diaz prevail, but not now. The Kurgan and Diaz lawyers are acting as opportunists, and the law does not require Defendants to pay them until their clients win. The fees incurred by the Kurgan and Diaz lawyers should not be allowed.

Third, the law allows a plaintiff to "recover" attorney fees for claims on which the plaintiff prevailed. Wallace and Effort resolved their individual claims, not the class claims, when they accepted the Rule 68 Offers. The law, thus, considers that they prevailed only on their individual claims. Furthermore, Wallace never moved for class certification, and Effort was not part of the amended motion to certify a class (the motion which the court granted) after she accepted the Rule 68 Offer. Yet, the Petition seeks attorney fees for work done on the class claims and everything else on the case. The collateral fees should not be allowed.

Fourth, seeking payment in excess of $317,000 in attorney time and costs for this matter is unreasonable and disproportionate to what Wallace and Effort actually recovered. Wallace and Effort accepted the Rule 68 Offers for $60,417 and $35,540 respectively. Demanding that

an opponent pay the clients' attorneys more than three times what the clients received is not reasonable. The excessive fees should not be allowed.

Fifth, the Petition itself is deficient. The Petition attaches invoices which often fail to describe the work done. Other entries are completely redacted, and Defendants should not be required to pay for improperly concealed work. Some entries even seek recovery for attempting to find new class plaintiffs. Further, counsel just submitted another $69,000 worth of time that appears to cover the 12 months following when they first submitted invoices. This $69,000 up-charge has not yet been processed through Local Rule 54.3. Since Plaintiffs' counsel has insisted that the parties work through Local Rule 54.3 for the initial fee demand, they should be required to do so with the new fees. The new fees and improperly described fees should not be allowed.

## BACKGROUND

Wallace and Effort filed their lawsuit against Defendants in July 2011. Effort was a chiropractic assistant and Wallace was a maintenance engineer. Defendants resolved the individual issues with Wallace and Effort after they accepted Defendants' Rule 68 Offers in July 2013, which Chiro One paid in 2013. Pursuant to statute, only Wallace and Effort are entitled to attorney fees.

Counsel's indignation in their fee petition should be tempered. They complain that "the court is well aware of the past year of delay" and suggest Defendants are to blame. But counsel is reminded, first, that it was Defendants who accepted the court's invitation to resolve the fee issue through binding mediation, whereas in the end Plaintiffs' counsel were the ones who rejected the process on February 18, 2014. (*See, e.g.,* Docs. 170-174.) Second, if counsel truly wanted to resolve the fee dispute and get paid, counsel should have submitted a reasonable fee demand. The fee demand should have made at least some attempt at self-edits, it should have

been limited to the lawyers who represented Wallace and Effort, or it should have made some effort to be in-line with what Wallace and Effort actually received. *See, Harper v. City of Chicago Heights*, 1994 WL 710782 (N.D. Ill. Dec. 16, 1994) (stating that, before filing a fee application, the claimant "is expected to exercise reasonable billing judgment in calculating its fees by eliminating charges that are redundant, excessive or otherwise unnecessary"). Third, Wallace and Effort were already paid. So this fee issue before the court serves to benefit only the lawyers, and it appears that all these lawyers intend to continue to litigate for the other parties in this matter.

## ARGUMENT

### A. ONLY THE LAWYERS FOR WALLACE & EFFORT MAY BE COMPENSATED

The FLSA only allows lawyers who represent the prevailing party to recover attorney fees. Defendants have maintained throughout that only Mr. Zouras, and members of his firm, represented Wallace and Effort as they filed appearances for Wallace and Effort. Further, Defendants' counsel made a demand for all retainer agreements in the case to confirm which lawyers represented which Plaintiffs, but Plaintiffs never provided any such agreements.

Defendants are aware, of course, that the court ruled on their motion for instructions under Local Rule 54.3 and found that all Plaintiffs were represented by all lawyers: "The Court determines that Plaintiffs are represented by all of the attorneys whose appearances on behalf of Plaintiffs in the consolidated cases (10-cv-1899 and 11-cv-4723) remain on file." (Doc. 226.) The court made this finding, in part, on the basis that the two cases were consolidated into a single action and that Wallace and Effort later signed declarations about which attorney they believed represented whom. But Defendants respectfully disagree with that analysis and request that the court not extend its ruling to the fee petition.

First, the purpose for the consolidation was both to assist judicial economy and, hopefully, to decrease party costs. The consolidation was a procedural tool, and did not impact the ethical responsibilities between the lawyer and the represented party. The consolidation altered the procedural relationship between Plaintiffs and Defendants. It did not alter the attorney-client relationship between Plaintiffs and counsel.

Second, the declarations from Wallace and Effort, which were only provided after the fact, confuse the real issue. The issue is not what Wallace and Effort secretly thought, or thought after Defendants challenged counsel; the issue is what Wallace and Effort actually demonstrated in the file for all to see. A fee-shifting statutory provision requires one party to pay attorney fees incurred by the opponent. But it would be fundamentally unfair for the opposing party to hide his lawyer (and also the number of lawyers representing him) only to spring that on the paying party when convenient. Fee-shifting provisions must be strictly construed; thus, the onus is on the lawyers seeking payment to prove that they actually represented the prevailing party in a way that would put the paying party on notice. And providing a signature block on a complaint with three law firms is unnecessarily vague. (See Doc. 58.) It is not burdensome to require that a lawyer file an appearance on a party's behalf.

Third, and in addition to the ambiguities of representation, there are too many lawyers on the fee petition. Plaintiffs' counsel argue that liability was never an issue, but then they enroll a host of lawyers for the fight. If the matter was not so complicated as Plaintiffs' suggest, then fewer lawyers should be seeking fees. *See, Montanez v. Chicago Police Officers Fico, Simon*, 931 F. Supp. 2d 869 (N.D. Ill. 2013) (denying time for two lawyers because "this case was not so complicated or large as to justify having more than one partner"). Further, if Mr. Werman and

his firm were simply acting as local counsel to support Mr. Burch as an out-of-state firm, then Mr. Werman was no longer needed once Mr. Zouras began participating.

### B. COUNSEL ARE ONLY ENTITLED TO COMPENSATION FOR CLAIMS ON WHICH THEIR CLIENTS PREVAILED

Plaintiffs' counsel do not dispute that an FLSA party may only seek fees as a prevailing party. Here, Wallace and Effort were the prevailing parties, but only on their individual claims. Therefore, counsel for Plaintiffs should only be compensated on Wallace and Effort's individual claims. *Sottoriva v. Claps*, 617 F.3d 971 (7th Cir. 2010) (where "a plaintiff prevails on only some of his interrelated claims, the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.") (internal quotations omitted). Yet Plaintiffs' counsel are seeking fees for all the class discovery work done in the case and for most of the class motion practice in the case. Furthermore, the class work did not involve a common core of facts as regarding the individual claims, since none of the work conducted to support the class claims was needed to achieve the individual claims.

Regarding Wallace, he was never part of any of the class motion practice. The reason for this was because he was a maintenance engineer and there weren't enough maintenance engineers to support a class. Thus, Wallace has no claim to fees incurred regarding class discovery or class motion practice.

Regarding Effort, though she was a party listed on prior class motions, she was not a party to the class motion granted by the court. Defendants made their Rule 68 Offers as an economic decision to resolve the claims against them, and Effort accepted the Rule 68 Offer on her individual claims as an economic decision that was best for her. That is, Effort decided to abandon her class claims in exchange for payment on her individual claims. Effort's counsel

should not now be allowed to reach back in time, effectively alter her decision on the class claims, and seek payment as a prevailing party on claims that Effort rejected.

### C. THE AMOUNT DEMANDED IS NOT PROPORTIONATE TO THE AMOUNT RECOVERED

Plaintiffs' counsel demand too much. They seek $317,754.50 in fees in contrast to the $60,000 and $35,000 recovered by Wallace and Effort. First, from a recovery perspective, Defendants respectfully submit that it is disproportionate for counsel to demand in fees over three times what their clients were paid. *See generally, Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542 (7th Cir. 2009) (noting that a fee demand that is multiples of the client's recovery "raises a red flag" and deserves increased reflection). The clients could have continued to prosecute the class claims until the end, but instead weighed the risks and resolved their individual claims. Though the law does not require fees to be calculated proportionally to damages, counsel should not be allowed to benefit where their clients did not.

Second, though the law does not limit whether a lawyer can receive in fees more than his client recovered, *Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009) (stating that courts reject the notion the fees must be proportional to damages), proportionality is still a factor and here it is too much from a party perspective, *Moriarty v. Svec*, 233 F.3d 955 (7th Cir. 2000) (stating, nevertheless, that "proportionality concerns are a factor in determining what a reasonable attorney's fee is"). The cases cited by Plaintiffs' counsel involve a lawyer seeking payment following the resolution of the case. Here, there are two parties who remain. Plaintiffs' counsel admits that they did not account for the fact that at least some time should be allocated to Kurgan and Diaz. Instead, because they claim that they cannot compartmentalize their time, they conclude that they should be paid for all work on the case: "Plaintiffs Effort and Wallace are entitled to recover fees for all time expended on this case generally as a whole." (Doc 264, page

-7-

8.) But this is not a question of compartmentalizing. It's a question of proportion and fair allocation. Plaintiffs' counsel essentially ignore that Kurgan and Diaz were ever part of the case. (Further, by demanding all fees be paid through Wallace and Effort, counsel are short-changing their other clients who may be seeking to recover fees at the end of this case.) Moreover, Kurgan and Diaz represent more than 50% of the class work (in the event that the court allows recovery for class work) since Wallace was not eligible for class consideration. By definition, therefore, counsel's demand seeking all fees is not proportionate to Wallace and Effort.

> D. THE FEE PETITION CONTAINS ENTRIES THAT ARE NOT RECOVERABLE AND ARE IMPROPER

Defendants also object to other aspects of the fee petition itself. First, Defendants object to the fees on fees. (*See* Fee Petition, page 5.) Plaintiffs' counsel seek over $69,000 for litigating the fee issues. Defendants recognize that the law generally allows a lawyer to recover attorney fees for litigating a fee dispute. But the amount preparing the fee petition must be proportionate to the amount spent on the merits of the case. The Seventh Circuit has observed that lawyers often "litigate fee issues with greater energy and enthusiasm than they litigate any other type of issue." *Ustrak v. Fairman*, 851 F.2d 983, 987–88 (7th Cir.1988). Therefore, "Where the time expended preparing a fee petition is disproportionate to the time spent on the merits of the case, courts reduce the amount of time recoverable for the preparation of the fee petition." *Gibson v. City of Chicago*, 873 F. Supp. 2d 975 (N.D. Ill. 2012) (finding that 20% is excessive). Here, the $69,000 in fees on fees is over 20% of the overall $317,000 demand, which is excessive. Furthermore, counsel only recently submitted the $69,000 demand on August 19, 2014. As set forth above, it was Plaintiffs' counsel who insisted that the parties wade through Local Rule 54.3 earlier this year. Thus, counsel should proceed with that process again and not in this fee petition.

Second, the invoices show that many entries are too vague. *Illinois Bell Telephone Co. v. Haines & Co.*, 1989 WL 76012 (N.D. Ill. July 3, 1989) ("Vague entries relative to the entire case will be subject to reduction."). For example, many entries contain three-word descriptions that provide no context or meaning to the work for which they now seek payment. *Blackwell v. Kalinowski*, 2012 WL 469962 (N.D. Ill. Feb. 13, 2012) (disallowing or reducing time for vague entries like, "review file, determine litigation strategy and plan," "review court order," and "trial-3.0 hours"). Such entries would not be acceptable by any paying client and should not be allowed here. *Int'l Korwin Corp. v. Kowalcyk*, 665 F. Supp. 652, 660 (N.D. Ill. 1987) (references including "review of file" and "conference with" are vague and subject to reduction). In response, Plaintiffs' counsel does not agree to remove the vague entries but instead offers to limit some of them (not sure which ones or how many) by 30%. Defendants suggest that Plaintiffs' counsel should remove all the vague entries and submit a proper demand.

Third, Plaintiffs' counsel attempts to seek payment for work they won't disclose and are hiding through redactions. If counsel wants to get paid, they have the obligation to tell the court and Defendants what work they claim they did. Plaintiffs' counsel argue in the fee petition that they made the redactions based on either the attorney client privilege or the work product doctrine. But it is counsel's obligation to identify what privilege they are asserting and why (like a privilege log). It is not Defendants' obligation to ask the court to review them in camera. Further, if the entries truly concerned only Wallace and Effort, then there should be few if any redactions at all since Wallace and Effort are no longer a part of the case.

CONCLUSION

The fee petition filed by Plaintiffs' counsel, ostensibly on behalf of Wallace and Effort, is clearly overreaching and ignores the obvious. They demand all the fees incurred in the case and

ignore that two other parties were also in the case. They also overlook that Wallace and Effort did not prevail on all their claims, and that Wallace specifically was never entitled to class recognition.

Defendants respectfully submit that this is not a situation that demands a line-by-line analysis by the court of Plaintiffs' invoices. Instead, the correct result should take into consideration that Wallace and Effort did not prevail on the class claims, it should reward only the lawyers who appeared for Wallace and Effort, it should apply a proportionality that considers the actual amount recovered by Wallace and Effort and that does not ignore that only two parties of the four resolved their claims. After considering all these issues, Defendants submit that the fee award should be $54,035.00.

Date: September 4, 2014                                  Respectfully submitted,

                                                         CHIRO ONE WELLNESS CENTERS LLC


                                                         By:   /s/    Eugene E. Murphy, Jr.
                                                                 One of Its Attorneys


Eugene E. Murphy, Jr. (ARDC No. 6198863)
John N. Hourihane, Jr. (ARDC No. 6256107)
John H. Scheid, Jr. (ARDC No. 6226105)
MURPHY & HOURIHANE, L.L.C.
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
Tel: (312) 202-3200

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

The undersigned attorney hereby certifies that the aforementioned **DEFENDANTS' RESPONSE TO PETITION FOR ATTORNEY FEES BY WALLACE AND EFFORT** was filed and served on September 4, 2014, in accordance with the ECF Rules in compliance with Fed. Rule Civ. P. 5(b)(2)(D).

/s/     Eugene E. Murphy, Jr.